FILED

IN THE UNITED STATES DISTRICT COURT ~~27~~ P 2: 51
MIDDLE DISTRICT OF FLORIDA- JACKSONVILLE DIVISION


DANA RIPLEY,

      PLAINTIFF,

*3:04 cv/ 328-v- 16 MCR*

vs.


LAKE CITY,
LAKE CITY POLICE DEPARTMENT,
CHIEF ALBRITTON, CAPTAIN GARY LAXTON,
MAYOR RAY KIRKLAND, CITY MANAGER JOE CONE,
CAPTAIN R.B. CHARLES, LT. DEBBIE MOODY,
LT. JOHN DUBOSE, SGT. JOE MOODY,SGT. MARSHALL
SOVA, SGT. KEITH HESTON, SGT. JASON BYRD, MISTY GABLE,
MARVIN WEBB, OFFICER TIM MURPHY, OFFICER POLLY WORTHINGTON,
DARBY, PEELE, BOWDOIN, PAYNE , KENNAN,


      DEFENDANTS.

_____/

## COMPLAINT FOR DAMAGES
## VIOLATIONS OF CIVIL RIGHTS


## GENERAL ALLEGATIONS


      1. Dana Ripley , hereinafter known as "Ripley", was and is a certified police officer. At the time material to the complaint Riply was a police officer with Lake City.

      2. Lake City, hereinafter known as the Defendant is municipality in Florida with Ray Kirkland being the Mayor and Joe Cone being the City Manager. The city attorneys are Darby, Peel, Bowden Payne and Keenan. The Lake City Police Department is the under the City. Chief David Albritton at all times material herein was the Chief of Police .

3. Captain Gary Laxton and Captain R, B. Charles were police captains with the Lake City Police Dpartment. The Lieutenants were Debbie Moody and John Dubose. Sargent Joe Moody , Marshall Sova , Keith Heston, and Jason Byrd were also involved in the charges. Marvin Webb, Misty M. Cable, Tim Murphy, Polly Worthington were all police officers.with the Lake City Police Department.

4. On or about June 2000 Ripley fell off a wall at work on foot patrol and injured his ankle. The medicine used to treat this worker's compensation injury exacerbated a colitis condition. During three subsequent surgeries , Ripley's rectum and large intestine were removed and a j-pouch from his small intestine was made. Ripley went on long term disability.The treatment involved pain medication which the body became involuntarily dependent
on .

5. Ripley though requested was denied light duty when another officer with a non-work related injury was given light duty. This officer was Donald Davis a former Lake City Police Officer who later retired on a disability and obtained a position with at City Hall.

6. Officer Ripley   indicated he was not well but was not sent home and later faints at the wheel and backs into a hedge on duty. At the Lake City Medical Cneter Ripley is diagnosed as hypoglycemic and severely dehydrated.. Ripley was on medications prescribed by the doctor. Sargent Heston knowing of Ripley's condition prior to the accident failed to send him home.under G0- 17 Section (3), (c), (5), pertaining to an officer's fitness on patrol.

7. An internal investigation was then ordered in which Captain Laxton took unrecorded statements, Several sections of the Lake City Police Department manual were violated to wit, Sections 1.02, 1.04, 1.06, 1.17. 1.20, 1.35, 1.39 and 1.43 ; Florida Statutes 112. 532, 112. 533, Florida Statutes , 119. 07.

8. In September 2001, Ripley's night shift duty used as an accomodation is removed and without doctor's approval. Ripley then enters Archibald Drug Rehab for dependency on pain medication voluntarily and is off work without pay until October 13 , 2001. In November Plaintff returns to work without accomodation for the intestinal - colitis and the drug dependency. Then on January 25. 2002 , Ripley was heard on the radio babbling while known to be at home yet no officer inquired as to his well banged 4 pm , Ripley is found wandering in the neighborhood. The EMT state low blood sugar is the cause. Officer Siva and Gable with Lt. Daboecia respond and then without a warrant enter Ripley's home removing his police equipment and empty drug bottles . There is no exigent circumstances. Drug tests ordered at the hospital do not reveal illegal drugs or high dosages. The information is released to the media.

**COUNT 1- 42 U.S.C.  1983 Violation - FOURTH**

## AMENDMENT

9. All the allegations in paragraphs one through eight are incorporated herein.

10. The Defendants, Lake City Police , Officer Gable, Sargent Siva and Lt. Daboecia under the authority of Patrol Commander Charles  did violate Section 42 U.S.C. 1983 by acting under the color of law, to wit: their authority as police officers for Lake City and did violate the fourth amendment of the United States Constitution  by impermissable search of the home of Dana Ripley in Lake City, Florida without requisite legal authority and did violate state law : the Police Officers Bill of Rights by not giving due process and did cause damage to the plaintiff in the loss of his property and reputation by the report of the search and the drugs found during the search defaming the Plaintiff by stating he had drugs in his house causing damage to the Plaintiff. Said search was without permission of the Plaintiff and not authorized by probable cause nor warrant. Said offficers did enter said premises at 2105 Maple Lane Drive, Lake City, Florida without permission on or about January 2002 and did seize prescription medication from the said premises and did seize other items from the premises without the permission of the Plaintiff. Officers searched not only the home but inside drawers and garbage cans seizing personal property.Said Officer Gable also removed Ripley's keys and then moved Ripley's personal vehicle. Said Officer did not remove the medic alert bracelet on the key chain and did not inform medical personnel.

11.  Said illegally searched items were entered into a police report defaming the said Ripley and then released to other agencies. Said items were then used in an internal investigation to deprive Officer Ripley of his procedural due process.Said search then caused actual damages and compensatory damages in the loss of items personally belonging to Officer Ripley and the loss of wages through the loss of his employment as a Lake City Police Officer. Ripley suffered pain and humiliation due said search.

Wherefore, the Plaintiff requests that the Defendants be required to pay damages in the amount of in excess of Three hundred thousand dollars for actual and compensatory damages with pain and suffering and the cost of prosecution and attorney fees.

## COUNT 11- 42 U.S.C 1983- FOURTEENTH AMENDMENT

12.  The allegations in paragraph one through eleven are incorporated herein and realleged.

13. The Defendants, Lake City and Lake City Police Department and Captain Gary Laxton did under the color of law violate the fourteenth amendment of the United States by failing to give due process to Ripley in the unlawful conduct of an internal police investigation. Said unlawful acts were : unrecorded interviews and statements, withholding information from

Ripley prior to the internal investigation, and placement in the investigation file uncorroborated statements and statements in the file without Ripley's knowledge causing a tainted , defamatory investigation in violation of the Florida Department of Law Enforcement 's ethical standards , to wit: 1.2, 2.1, 2.3, 2.4, 2.5, 2.6, 3.2, 3.3, 7.1, 7.2, 7.3, and 8.1. Lake City Police violations G0-11, Sections 1.02, et. seq. and Section 112 and 119 of the Florida Statutes (2004). Captain Laxton did so intentionally and inflicted damages actual and compensatory in lost wages to Ripley through loss of his employment.Captain Laxton was acting as the officer in charge of said investigation.Defendant Laxton did release defamatory material to the press and news media in Lake City defaming Ripley in violation of his rights and causing his job loss.

14. Defendants, Lake City, Lake City Police Department and Captain Laxton did release and disseminate a police report to other police agencies , to wit: Pinellas County causing defamation and pain and suffering by allowing the untrue statements to be released. and loss wages by being used to deny a position with said law enforcement agency.

Wherefore, Ripley requests compensatory and actual damages in the amount of three hundred thousand dollars with costs of prosecution of the case and attorney fees in the amount of three hundred thousand dollars.

## COUNT 111 - 42 U.S.C. 1982- FOURTH AMENDMENT

15. The allegations are incorporated and realleged herein.

16. Defendants , Lake City and Lake City Police Department and Captain Gary Laxton, under the color of law on or about January 2,2003 , did release fingerprints of Ripley to the State Attorney's Office for the Third Judicial Circuit in the form of processed fingerprints records of Ripley in violation of the fourth amendment of the United States Constitution causing the furtherance of a criminal investigation of the Plaintiff which ended in a decision not to prosecute but which defamed the Plaintiff 's character by stating he was a stalker and causing loss of income for two years by his lost of employment and lost of police officer positions at law enforcement agencies.

17. The Plaintiff suffered damages in the amount of three hundred thousand dollars in actual, compensatory, and pain and suffering and costs of prosecution of this matter.

Wherefore, Ripley requests compensatory and actual damages in the amount of three hundred thousand dollars with costs of prosecution of the case and attorney fees in the amount of three hundred thousand dollars.

## COUNT IV - 42 U.S.C. 1983

18. The allegations are realleged and incorporated herein from paragraphs 1 through 17.

19. Defendants, Lake City, Lake City Police Department, Captain Laxton and the City Attorney's , Darby et. under the color of law did violate Title 42 U.S.C. 1983 by violating the American Disabilities Act by failing to accommodate Ripley for his ankle injury on duty and his intestinal problems causing his loss of employment with the Lake City police Department.Defendants attorneys did counsel on the disabilities having been advised that the firm had represented Ripley for a disability previously. Acts of Defendants, To wit:

A.Ripley fell six feet injuring his ankle while on patrol requiring medication.

B. The medication exacerbated his colitis condition resulting in three surgeries requiring light duty which was rejected. Night Patrol was then withdrawn by Defendants.

C.Ripley was diagnosed with a thyroid condition , thyroid deficiency and low blood sugar.

D. Officer Murphy reports that Ripley is not well but is not sent home. Ripley then faints and his vehicle crashes.

E. Ripley develops a drug dependency due prescribed medications and enters a rehabilitation voluntarily and is rehabilitated .

F. Despite being rehabilitated Ripley is forced to resign though Ripley has a disability under the American Disabilities Act causing a loss of income and damage to his reputation though his disability  was an involuntary iatrogenic dependence recognized by the American Disabilities Act.

Wherefore, Ripley requests compensatory and actual damages in the amount of three hundred thousand dollars with costs of prosecution of the case and attorney fees in the amount of three hundred thousand dollars.

Wherefore the Plaintiff prays for relief requested herein and actual , compensatory damages and pain and suffering and punitive damages against the individuals named.

Respectfully submitted,

Andrea Bateman
Fla Bar No. 0178728
1936 Lee Road, Suite 100
Winter Park, Florida 32789
Telephone: 407- 629-4998