**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**DANA D. RIPLEY**

    Plaintiff,

v.     CASE NO. 3:04-cv-01328-JHM-MCR

**CITY OF LAKE CITY, FLORIDA,
a Florida municipal corporation, JOHN DUBOSE,
in his individual and official capacities, and R.B.
CHARLES, in his individual and official capacities,**

    Defendants.
_____/

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss Count III and Official Capacity Claims of Plaintiff's Amended Complaint (Dkt. 10). Plaintiff filed a Response seeking leave to amend the Complaint (Dkt. 11), which was denied by this Court (Dkt. 12). Plaintiff has not filed another Response.

**I.     Background**

Plaintiff's three count Amended Complaint was filed on June 24, 2005. In the Amended Complaint, Plaintiff alleges that Defendant Lake City, through its employees and agents acting within their authority, acting under color of state law, instituted and followed policies, procedures and customs which resulted in an unreasonable search and seizure of items and information in Plaintiff's home in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 (Count I). Plaintiff also alleges that Defendant police officers Dubose and Charles ordered, directed and participated in the illegal search and seizure of Plaintiff's home in violation of the Fourth and Fourteenth Amendments as well as 42 U.S.C. § 1983 (Count II). Lastly, Plaintiff alleges an invasion of privacy by Defendant Lake City when it published, through its release of public records documents, the nature of Plaintiff's medical condition and treatment (Count III).

Plaintiff prays for a jury trial and seeks damages in the form of lost wages and benefits past and future, emotional pain and suffering, humiliation and embarrassment past and future, pre and post judgment interest and any other relief the Court deems just and proper.

Defendants now move to dismiss Count III of the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Alternatively, Defendants assert that Count III fails to comply with Rule 8, Federal Rules of Civil Procedure, as it fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants also move to dismiss all claims against Defendant police officers Dubose and Charles in their official capacities pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure as it is well settled that government officials sued in their official capacity do not fall under the purview of 42 U.S.C. § 1983. Moreover, because Plaintiff is suing Lake City, the employer of Defendant police officers Dubose and Charles, for the same alleged civil rights violations, Plaintiff's 42 U.S.C. § 1983 claims against Defendants Dubose and Charles is duplicative and impermissible.

**II.      Standard of Review**

To prevail on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Defendant must show beyond all doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988).  At the motion to dismiss stage, this Court is required to accept all of the Plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to the Plaintiff.  See, e.g., Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274, n.1 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

**III.     Discussion**

For the invasion of privacy claim (Count III), Defendants contend it only pleads general allegations that Defendant Lake City had a duty to keep Plaintiff's medical information confidential and that the released information allegedly caused Plaintiff injury (Dkt. 10 at 4). Defendants assert Count III does not assert a specific cause of action and that it is unclear whether the claim is based on federal or state law. Defendants further assert because they have to assume the basis of the claim in attempting to develop a defense, Count III fails to comply with Rule 8, Federal Rules of Civil Procedure in not providing sufficient notice of the claim.

Moreover, if Count III is based on Florida Statute § 768.28(6)(a), Defendants argue Plaintiff has failed to comply with the conditions precedent. Florida Statute § 768.28(6)(a) provides:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues. . . .

Pursuant to Florida Statute § 768.28(6)(c), a claimant must also provide such information as a date of birth and social security number. Defendants argue Plaintiff has not plead he gave the city notice of this claim and because the three year time period for giving the city notice has expired, Count III should be dismissed with prejudice.

Plaintiff's Response (Dkt. 11), in which Plaintiff requested leave to amend the Complaint, stated that "Plaintiff has reviewed the arguments made by Defendants, and cannot disagree with the issues raised in the motion [to dismiss]." (Dkt. 11). Plaintiff has not yet filed another response. In light of the above, the Court agrees with the Defendants. However, the Court will dismiss Count III without prejudice.

As to the claim that Defendant police officers Charles and Dubose ordered, directed, and participated in the illegal search of Plaintiff's home in violation of his constitutional rights and 42 U.S.C.

§ 1983, Defendants assert any claim against Defendant police officers Charles and Dubose in their official capacity should be dismissed. Defendants argue that the law is clear that "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." Hafer v. Melo, 502 U.S. 21, 27 (1991)(internal citations omitted). Defendants also note the Eleventh Circuit has provided that "a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents." Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999)(internal citations omitted). Consequently, Defendants argue a suit against Defendant police officers Charles and Dubose in their official capacity is redundant of the claim against Defendant Lake City and should be dismissed with prejudice.

After due consideration, the Court agrees with Defendants. The Court finds the official capacity claims against Defendant police officers Charles and Dubose are duplicative and redundant and are therefore dismissed with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss Count III and Official Capacity Claims of Amended Complaint (Dkt. 10) is **GRANTED in part**. Count III is dismissed **WITHOUT PREJUDICE** and the official capacity claims against Defendant police officers Charles and Dubose are hereby dismissed **WITH PREJUDICE**.

BY ORDER OF THE COURT, at Jacksonville, Florida, this __4th__ day of August, 2005.

Copies to:

Counsel of Record

_/s/ John H. Moore II_
JOHN H. MOORE II
United States District Judge