UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DANA RIPLEY,**

        Plaintiff,

v.                                        **CASE NO. 3:04-cv-1328-J-16MCR**

**CITY OF LAKE CITY FLORIDA, a
Florida municipal corporation; JOHN
DUBOSE, in his individual and official
capacities; and R.B. CHARLES, in his
individual and official capacities;**

        Defendants.
_____/

**O R D E R**

Before the Court is Defendants', City of Lake City Florida (the City), John DuBose and R.B. Charles', Amended Motion for Summary Judgment (Dkt #29) filed June 1, 2006. Also filed by Defendants are various affidavits and depositions in support thereof. Plaintiff filed his Response in Opposition on June 19, 2006 (Dkt #33).

**I. Procedural History**

Plaintiff, Dana Ripley, filed a complaint on December 27, 2004, which was amended on April 26, 2006 seeking compensatory and punitive damages in addition to attorney's fees and costs. The three count complaint alleges the following: 1) civil rights violation against the City in that through its employees and agents acting within their authority, acting under color of state law, instituted and followed policies, procedures and customs which resulted in an unreasonable search and seizure of items and information in Plaintiff's home in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 (Count I) ; 2) that Defendant police officers Dubose and Charles ordered, directed and participated in the illegal search and seizure of

Plaintiff's home in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 (Count II); and 3) invasion of privacy when the City published through its release of public records documents, the nature of Plaintiff's medical condition and treatment (Count III). On June 24, 2005 Defendants filed a Motion to Dismiss Count III and Official Capacity Claims of Amended Complaint (Dkt. #10). The Court entered an Order (Dkt #13) dismissing Count III against the City (invasion of privacy) without prejudice and dismissing with prejudice the official capacity claims against Defendant police officers DuBose and Charles. As Count III has not been re-alleged in the amended complaint, the only issues before the Court are the civil rights claims against the City and the police officers.

## II. Background

The undisputed facts are as follows: Plaintiff, Dana Ripley, was employed as a police officer by the Lake City Police Department (LCPD) from March 13, 1997 until he resigned on March 4, 2002. Most of Mr. Ripley's career was unremarkable; however he was voted Officer of the Year in 2000 by his fellow officers. Beginning in late 2000, Mr Ripley began having medical problems, some that required periods of medical leave.

An incident occurred on January 25, 2002 that gives rise to the lawsuit at hand. Mr. Ripley was off-duty on January 25, 2002. Neighbors had placed calls to the police stating that a man dressed in long underwear with no shoes was wandering into traffic. Another citizen reported that Mr. Ripley was making incoherent statements. Mr. Ripley was found, at a location near his residence, disoriented. When the LCPD arrived, they found Mr. Ripley hiding behind a female believing that he was investigating a robbery. When officers placed Mr. Ripley in a police car, he made statements like "There they are. Go get them." Medical rescue personnel

were called to the scene and tended to Mr. Ripley.  Prior to being transported to the hospital, Sgt. Sova (LCPD) asked Mr. Ripley if his house was secure to which he responded "You cannot go into my house without a warrant."

Sgt. Sova instructed Officer Gable to see if the house was secure.  Gable found the front door open, reported this to Sgt. Sova who then reported this to Capt Charles, who was not at the scene.  Capt Charles instructed the officers at the scene to get the department issued equipment from the house.  Sgt. Sova, Officer Gable and Lt. DuBose,, who had arrived on the scene, entered Plaintiff's house.  They secured guns and other police related items.  The bathtub was found to be overflowing and they turned the water off.  Lt. DuBose found several empty pill bottles in a trash can, which he gathered, allegedly to show medical personnel since he was aware of Ripley's reliance on prescription drugs.  Ripley was treated at the hospital and released that evening, being driven home by Lt. DuBose.  Plaintiff was placed on administrative leave with pay during which time he was in a rehabilitation center for the purpose of withdrawing from prescription medications.  Shortly thereafter, on March 4, 2002, Plaintiff submitted his letter of resignation.

## III.     Standard of Review

The Court should grant a motion for summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987); Edwards v. Acadia Realty Trust, Inc., 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001).  The Court will construe the record

and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Samples on Behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). Once this burden is met, however, the opposing party must "go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 342. The Eleventh Circuit explained in Samples that the opposing party need only present evidence from which a jury might return a verdict in her favor in order to survive the moving party's motion for summary judgment. See Samples, 846 F.2d at 1330; see also Augusta Iron & Steel Works v. Employers Insurance of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

     Notably, the Supreme Court pointed out in Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted." Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). If there is conflicting evidence that will permit differing reasonable inferences, the case will be submitted to the jury. See Augusta Iron & Steel, 835 F.2d at 856. Conversely, if the nonmoving party presents merely colorable evidence that is not sufficiently probative or material, the Court can grant summary judgment in favor of the moving party. See Anderson, 477 U.S. at 249-50; Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11th Cir. 1992).

In other words, summary judgment is warranted against a nonmoving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**IV.    Discussion**

**A.    Count I - Civil Rights Violation by the City -** Illegal Search and Seizure

The Plaintiff alleges that the Lake City Police Department conducted an illegal search of his home in that they had no warrant and no exigent circumstances were present to justify a warrantless search. It is undisputed that Plaintiff Ripley stated at the scene "You cannot go into my house without a warrant." The dispute arises as to whether Ripley knew what he was saying. Sgt. Sova (LCPD) states in his affidavit (Doc #31-5, ¶4) that he did not believe that Ripley understood what he was saying because he appeared to be hallucinating, barely able to walk and talk, and was seeing people who were not there and thought that he was investigating a robbery. However, Plaintiff claims that just prior to that, he properly identified Sgt. Sova when asked if he knew who he was and properly responded, "Yes, Marshall Sova". (Doc #31-5, Offense Report ¶3). The defendant asserts that exigent circumstances were present to require a search absent the Plaintiff's consent or warrant. The LCPD states that they had concerns because the front door was open and firearms, ammunition, etc, were in plain view. Questions arise as to whether these items were in fact "in plain view".

It is well established that absent consent or exigent circumstances, a private home may not be entered to conduct a search or effect an arrest without a warrant. See Payton v. New York, 445 U.S.573 (1980); Donovan v Dewey, 452 U.S. 594, 598. It is no less a search when the intrusion onto private property without consent or a warrant is to aid rather than to implicate

in a crime. See Aspinwall v.Herrin, 879 F Supp. 1227 (1994). The Defendant alleges that the community caretaker function exception to the warrant requirement in Cady v. Dombrowski, 413 U.S. 433 (1973) is applicable to the case at hand. However, in Cady the Court applies this exception to automobiles and the Eleventh Circuit has failed to explicitly hold that the community caretaking functions of a police officer permit the warrantless entry into a private home. See McCough v . It is apparent that the intentions of the LCPD were to aid the Plaintiff not implicate him in a crime. Cases cited by the Defendant are distinguishable in that there were circumstances present that could lead a reasonable person to believe an emergency situation existed, i.e, bodily harm to another person. See U.S. v Holloway, 290 F.3rd 1331 (11th Cir. 2002); Boone v City of Montgomery, 2005 WL 1383179 (M.D. Ala. 2005)   However, questions exist as to whether the search was conducted with or without consent and were exigent circumstances present as to justify the search if no consent was made. If exigencies were present, were they enough to to compel an exception to the warrantless entry into Mr. Ripley's home?  The Court believes that this is a question for the jury. These are issues of genuine material fact and Defendant's Motion for Summary Judgment on this issue must be **DENIED.**

**B.**     **Count II - Civil Rights Violation by Individual Defendants** Qualified Immunity

Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have known. See Harlow v. Fitzgerald, 457 U.S. 800 (1982).  "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating

the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir.2002) (quotation and citation omitted). When determining whether defendants are entitled to qualified immunity, the Court must first ask, "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Brosseau v. Haugen, 543 U.S. 194 (2004) (quoting Saucier v. Katz, 533 U.S. 194 (2001)). If a constitutional violation is found, the Court must then determine whether this violation was of a right that was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

As to the first part of the test, warrantless searches are permitted only in cases where consent or exigent circumstances are present. Both parties differ in their interpretation of exigent circumstances but for the purposes of this argument, the Court will assume that a constitutional violation has been found. The second part of the test is whether a "reasonable officer" would know that his conduct was unlawful.

This standard to determine qualified immunity is an objective one, as all government officials but the "plainly incompetent" or those who knowingly violate the law are entitled to immunity for their acts. See Malley v. Briggs, 475 U.S. 335, 341 (1986). In other words, qualified immunity is a defense used liberally by the courts, as the Eleventh Circuit has stated that "only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." Lassiter, 28 F.3d at 1148-49; see also Hope, 536 U.S. at 741-42. Factual specificity is therefore required when pleading claims under Section 1983 against individual government employees in order to overcome the qualified immunity defense. See, e.g., Andre v. Castor, 963 F. Supp. 1158, 1163-64 (M.D. Fla. 1997); Harris v. The

District Board of Trustees of Polk Community College, 981 F. Supp. 1459 (M.D. Fla. 1997).

Based on the depositions of the officers involved, they were following the orders given by their superiors, to secure the house and retrieve department issued equipment. There was a reasonable concern for the safety of the Plaintiff and of the public in general. The previous behavior of the Plaintiff, as stated in the Affidavits of Chief David Albritton (Dkt #31-2), the Affidavit of Leneva Albritton (Dkt #31-4) and Affidavit of Officer Tim Murphy (Dkt #31-8), driving erratically in traffic and the Affidavit of Sergeant Keith Heston (Dkt #31-7) describing an incident on August 19, 2001 when Ripley was disoriented and wrecked his police car , a reasonable officer could assume that the possibility existed that should the Plaintiff return to his home, he might again find himself in a disoriented state and use his police issued weapons to cause harm to himself or others. Therefore, summary judgment as to qualified immunity to the individual defendants, DuBose and Charles is **GRANTED,**

**C.    Punitive Damages**

The standard in determining if punitive damages are appropriate is found in Smith v. Wade, 464 U.S. 30 (1983) that states that a jury may be permitted to assess punitive damages if defendant's conduct is motivated by an evil motive or by reckless or callous indifference. Because there are genuine issues of material fact as to why the Lake City Police Department entered Plaintiff's house and seized items, this issue must be submitted to the jury.

**D.    Additional Issues**

The Defendants' Motion for Summary Judgment argues that the issue of constructive discharge is not valid in that Plaintiff testified that he was not forced to resign. The Court finds that the issue of constructive discharge has not been plead in the Amended Complaint and

therefore is not before the Court. The only mention of Plaintiff's resignation in the Amended Complaint is in the recitation of the facts, ¶31, "On or before March 4, 2002, Lake City brought disciplinary action against Ripley, and forced him to resign his position as a police officer". There is no separate count outlining the basis for such claim and indeed, when Plaintiff sought to amend his complaint for the second time, (Dkt #18) filed March 3, 2006, in a well reasoned Order from the Magistrate Judge, upheld by this Court (Dkt. #24), the Court found that the Plaintiff had ample opportunity to amend his complaint at the proper time to include the forced resignation claim (which was in fact included in the original complaint).

Also, in Plaintiff's Response to the Summary Judgment Motion, it is stated that it is not appropriate to enter Summary Judgement based on the allegations of privacy violations in that the Defendants' failed to address these allegations in their motion. The Court points out that Count III alleging the privacy violations has been dismissed by this Court's Order on August 4, 2005 (Dkt #13).

Accordingly, upon due consideration, it is hereby

**ORDERED and ADJUDGED** that the Defendants' Amended Motion for Summary Judgment (Dkt. #29) is

(1) **DENIED** as to Count I of the Complaint; and

(2) **GRANTED** as to Count II of the Complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of August, 2006.

JOHN H. MOORE II
United States District Judge

copies: Counsel of Record